UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

1071 WINDSOR LLC,

    Plaintiff,

v.

ELVIRA REALMUTO, et al.,

    Defendants.

Civil Action No. 19-9111 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon *pro se* Defendant Lorenzo Santana's ("Santana") Application to Proceed without Prepaying Fees or Costs ("IFP Application"). (Appl., ECF No. 1-7.) For the reasons stated below, the Court grants the IFP Application and remands the matter to the Superior Court of New Jersey, Law Division, Special Civil Part, Monmouth County.

I.   **BACKGROUND**

On January 29, 2019, Plaintiff 1071 Windsor LLC ("Plaintiff") filed a Verified Complaint against Elvira Realmuto, "[a]ll Occupants residing in 1071 Windsor Road, Millstone, New Jersey," and unspecified Jane and John Does (collectively, "Defendants") (the "Ejectment Action"). (Compl., ECF No. 1-4.) Plaintiff sought a judgment for possession of the property located at 1071 Windsor Road, Millstone, New Jersey (the "Property"), a permanent injunction against Defendants remaining in the property, and other relief. (Compl. 2.) On the same day, the Honorable Daniel L. Weiss, J.S.C., granted an Order to Show Cause for Ejectment ("OTSC") (1) allowing Plaintiff to immediately recover the property, and (2) immediately ejecting Defendants from the Property. (OTSC 2, ECF No. 1-3.)

On March 29, 2019, Santana removed the Ejectment Action to this Court. (Notice of Removal, ECF No. 1.) Santana stated that the Complaint and OTSC "make[] this a federal case,

relating to [a] civil rights matter under the United States Constitution and the uniform application of State laws." (*Id.* at 1.)

Instead of paying the required filing fees, Santana filed the IFP Application. (*See* IFP Appl., ECF No. 1-7.) Santana states that his occupation is "Day Laborer/Odd Jobs," but states that he has not earned any income over the past twelve months. (*Id.* at 1.) He states that he has $400 in a bank account and monthly expenses of $1,000. (*Id.* at 2.)

On April 4, 2019, Santana and John Michaels (collectively, "Removing Defendants") submitted a Statement of the Case. (Statement of the Case, ECF No. 3.) They state:

> The case became federal when the State court of original jurisdiction ("Special Civil Part, Law Division"), judgment for "immediate possession and a writ" was unconstitutionally granted to the plaintiff in violation of the equal protection guarantees applicable to the "New Jersey Anti Eviction Act" besides the renewed federal "Protecting Tenants in Foreclosure Act" and the due process of common law as it relates to substantive and historic property rights. This case is fraught with constitutional error and makes for a slew of outrageous and political violations of the 14th Amendment as it is held against the several States, eventually leading to the summary and unlawful dispossession of our home on the basis of an impossible and contrary "eviction" jurisdiction unknown to the State of New Jersey, over the real property located at 1071 Windsor Millstone N.J. 08535.

(*Id.* at 1-2.)

## II. **DISCUSSION**

### A. Santana's IFP Application is Granted

Under 28 U.S.C. § 1915, an IFP Application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008).

2

Santana represents that he has had no income over the last twelve months, has savings of $400, and has expenses of $1,000 per month. (*See* IFP Application.) The Court, therefore, concludes that Santana has established his indigence and grants his IFP Application.

**B.     The Court Does Not Have Subject Matter Jurisdiction**

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "[Federal courts] have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The removing party bears the burden at all stages of litigation to demonstrate that the case is properly before the court, namely that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel–Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The Third Circuit has further instructed that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). The Court has a duty to be mindful of a litigant's *pro se* status when

examining pleadings filed by a *pro se* litigant. *See Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 678 (3d Cir. 2009).

Here, Removing Defendants aver that the Court has subject matter jurisdiction because the Ejectment Action implicates "civil rights matter under the United States Constitution and the uniform application of State laws." (Notice of Removal at 1.) 28 U.S.C. § 1331 provides the Court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removing Defendants' basis for the Court's subject matter jurisdiction, however, is insufficient.

It is well established "that the federal question must appear on the face of a well-pleaded complaint." *Trent Realty Assocs. v. First Fed. Sav. and Loan Assoc. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 153 (1908)). The Complaint in the ejectment action makes no direct or indirect reference to a federal question. Moreover, Removing Defendants' attempt to raise a federal question based on allegations that the Ejectment Action implicates the Protecting Tenants at Foreclosure Action (the "PTFA") is insufficient given that the PTFA is not referenced on the face of the Complaint. The Court, accordingly, finds that it does not have subject matter jurisdiction over this matter. As a result, this matter must be remanded to Superior Court of New Jersey, Law Division, Special Civil Part, Monmouth County.

## III. ORDER

For the reasons set forth above, **IT IS** on this <u>12th</u> day of June 2019, **ORDERED** that:

1. Lorenzo Santana's IFP Application (ECF No. 1-7) is **GRANTED**.

2. The Clerk of Court shall **REMAND** this matter to Superior Court of New Jersey, Law Division, Special Civil Part, Monmouth County.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**